# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | John A. Nordberg | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 12 C 1814 | **DATE** | 9/17/2012 |
| **CASE TITLE** | City of Chicago *ex rel.* Tino Martinez vs. Citigroup, Inc. *et al.* | | |

**DOCKET ENTRY TEXT**

Plaintiff's motion to remand [37] is granted.

■[ For further details see text below.]   Docketing to mail notices.

# STATEMENT

　　Before the Court is plaintiff's motion to remand. The overarching question raised by this motion, stated in general terms, is whether this case, which involves only state law claims, should be litigated here in Chicago federal court based on the fact that it is related in a very tangential way to a pending though mostly concluded bankruptcy case in the Southern District of Florida or whether the case instead should be returned to state court just a few blocks up the street from this courthouse. Neither plaintiff nor the removing defendants wants this case transferred to the Florida bankruptcy court. As we explain below, we find that remand is not only required but is also the most sensible result.

　　This case was filed by plaintiff Tino Martinez in the Circuit Court of Cook County on April 7, 2010. It is a *qui tam* action on behalf of the City of Chicago and the State of Illinois. In the Second Amended Complaint, which is lengthy and detailed, plaintiff Martinez alleges that six Wall Street banks from 2004 to 2007 engaged in "widespread abusive and toxic subprime home mortgage lending" in Chicago and Illinois and then failed to disclose this fraud when they entered into public contracts with the City and State. (2AC ¶ 1.) Plaintiff asserts claims under state and local False Claims Acts. No federal claims are asserted. Certain defendants – Bank of America and related corporate entities (collectively referred to herein as the "BoA Defendants") – removed the case to this Court because the case is allegedly "related to" a pending bankruptcy case in the Southern District of Florida. *See* 28 U.S.C. §§ 1334(b) and 1452(b). Specifically, in January 2008, First NLC Financial Services, LLC ("First NLC") filed in the Florida court a voluntary petition for reorganization under Chapter 11. First NLC is connected to this case because it issued loans which were then purchased by a subsidiary of the BoA Defendants. In the purchase agreement, First NLC represented that the mortgage loans were legal and proper; First NLC also agreed to indemnify the BoA subsidiary for any losses from a breach of those representations. On August 19, 2011, the BoA subsidiary filed a proof of claim in the Florida bankruptcy case. It is undisputed that this claim was filed late. In fact, it was filed nearly three years after the deadline set for filing such claims. No explanation has been given for why the filing was so late. It is also undisputed that the bankruptcy case is nearly complete. Finally, it is undisputed that the

**STATEMENT**

amount of loans issued by First NLC is a very, very small percentage of the total amount of loans at issue in this case. The percentage is smaller than 0.007%. *See* Pl. Br. at 8. Perhaps most striking is the fact that, although the BoA defendants removed this case because it is "related to" a pending Title 11 case in Florida, they pointedly state in their Notice of Removal that they "do not and will not seek a transfer to bankruptcy court." (Docket # 1 at 2.) This fact raises the suspicion that the removal is "simply forum-shopping." (Pl. Br. at 13.)

Plaintiff raises three arguments for remand. First, relying mostly on the undisputed facts recited above – including the nearly three-year late proof of claim; the very tiny percentage of loans related to the Florida case; and the unlikelihood that any funds will be left for the BoA subsidiary to recover – plaintiff asserts that the connection between this case and the First NLC bankruptcy proceeding is too remote to satisfy "related to" jurisdiction especially given that the Seventh Circuit employs a narrow test for this type of jurisdiction. *See In re FedPak Sys., Inc.*, 80 F.3d 207, 214 (7th Cir. 1996). Second, plaintiff argues that, even assuming the BoA Defendants could establish "related to" jurisdiction, this case must be remanded under the mandatory abstention provision in 28 U.S.C. § 1334(c)(2). Third, as an alternative argument to the previous one, plaintiff argues that an equitable remand is warranted under 28 U.S.C. § 1452(b).

As for the first argument, plaintiff has presented strong arguments for why the connection to the Florida bankruptcy case is too remote and therefore why "related to" jurisdiction does not exist. However, the BoA Defendants have raised some valid counter-arguments. Rather than attempt to wade through these arguments and try to discern where the exact line should be drawn regarding "related to" jurisdiction, we find that a better approach is to proceed to the second major argument, which we find dispositive. Assuming BoA is correct regarding the first argument, the next question is whether abstention is required under § 1334(c)(2). Both sides agree that the mandatory abstention issue is governed by five factors: (1) plaintiff's motion was timely filed; (2) plaintiff's state-law claims are non-core proceedings; (3) there is no independent basis for federal jurisdiction other than bankruptcy; (4) plaintiff commenced the action in state court; and (5) the state court can timely adjudicate the matter. *See* Pl. Br. at 9-10; Defs. Br. at 11. The parties likewise agree that the first three factors have been met, leaving us to only consider the latter two factors.

As to the fourth factor, the BoA defendants rely on two Ninth Circuit cases and argue that the plaintiff's own removed case from state court cannot be the required state-court proceeding. *See* Defs. Resp. Br. at 11 (citing *In Re Lazar*, 237 F.3d 967, 982 (9th Cir. 2001); *Sec. Farms. v. Int'l Bhd. of Teamsters, Chauffeurs, Warehousemen & Helpers*, 124 F.3d 999, 1010 (9th Cir. 1997)). This argument is based on the assertion that the mandatory abstention provision in § 1334(c)(2) should be interpreted so as to avoid redundancy with the equitable remand provision §1452(b). However, as the BoA Defendants concede, the Ninth Circuit's view has been rejected by most of the other circuits – including the Second, Third, Fifth, Sixth, Tenth, and Eleventh Circuits – and also by a number district court judges in the Seventh Circuit, which itself hasn't yet ruled on the issue. *See* Defs. Br. at 12 n.10. While the BoA Defendants have offered a reasonable argument, we are not persuaded by it and agree instead with the majority of the other Circuit and district courts that have concluded that "[o]n its face, [Section 1334(c)(2)] mandates abstention in removed cases as well as those filed initially in federal court." *Stoe v. Flaherty*, 436.F.3d 209, 214 (3d Cir. 2006).

As fo the fifth and final factor, which concerns whether the state court can timely adjudicate this case, the BoA Defendants rely on the statistics, which were first set forth by plaintiff in his opening brief, stating that the average case in the Circuit Court of Cook County takes 36.4 months whereas the average case in this district takes 24.5 months. *See* Defs. Br. at 12; Pl. Br. at 11. In his reply brief, plaintiff responds that this is a complex case and that "FCA actions tend to be unique and notoriously long-running even in federal court." (Pl. Reply at 10.) Plaintiff thus asserts that the one-year average difference in such a case will be less significant. We agree. In this Court's experience, complex cases such as this one do not predictably follow the average baseline seen in other cases. We also believe that the state court is just as equipped as this Court to give consideration to the BoA Defendants' apparent interest in having this case litigated in a swift manner. Having found that remand is warranted under the second argument, we will not address the third and

**STATEMENT**

alternative argument for equitable remand. In conclusion, we ultimately agree with the assertion made by plaintiff – and unrebutted by the BoA Defendants – that there is no reasonable basis for why "trying this case in federal court in Chicago would assist in the administration of the bankruptcy case [in Florida] while trying the case in state court in Chicago would not." (Pl Reply at 13.)